1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| RICHARD SCOTT, | CASE NO. 3:25-cv-05026-TMC-MLP |
| Plaintiff, | |
| v. | ORDER ON DENIAL OF MOTION FOR RECUSAL (DKT. NO. 12) |
| KEITH DEVOS, | |
| Defendant. | |

This matter comes before the Court on Judge Peterson's denial (Dkt. No. 12) of Plaintiff's motion for her recusal (Dkt. No. 10). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Peterson's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER ON DENIAL OF MOTION FOR RECUSAL (DKT. NO. 12) - 1

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
4  1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
5  appropriate if "a reasonable person with knowledge of all the facts would conclude that the
6  judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,
7  626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance
8  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
9  1992).

10  It appears that Judge Peterson's order directing Plaintiff to show cause why his civil
11  rights complaint should not be dismissed for failure to state a claim (Dkt. No. 4) is the primary
12  motivating factor underlaying Plaintiff's motion for recusal.  In Plaintiff's motion, he alleges that
13  Judge Peterson was "lying in her show cause order where she stated the Plaintiff had admitted to
14  personally knowing the old DOC camp building contained asbestos."  (Dkt. No. 10 at 1.)  He
15  goes on to dispute the Judge Peterson's conclusion regarding the statute of limitations and argues
16  that she is biased against him.  (*Id.*)  However, the crux of Plaintiff's claim of bias stems from
17  information about the asbestos issue that was presented to Judge Peterson in a motion to amend
18  filed *after* the order to show cause was issued.  (*See* Dkt. No. 8) (Stating that Plaintiff was not
19  aware of the asbestos issue until one year ago).  Accordingly, Judge Peterson was not aware of
20  this information when issuing the Order to show cause, which noted that Plaintiff's very sparse
21  complaint alleged exposure to asbestos over the course of more than twenty years of residency at
22  the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington.  (Dkt.
23  No. 4 at 1.)  No facts identified in the motion support Plaintiff's contention of bias.
24

ORDER ON DENIAL OF MOTION FOR RECUSAL (DKT. NO. 12) - 2

1 | Ultimately, disagreement with the conclusions set forth in Judge Peterson's order is
2 | insufficient to support recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)
3 | ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United*
4 | *States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis
5 | for a bias or partiality motion."). Plaintiff's motion does not make the required showing that a
6 | reasonable person could question Judge Peterson's impartiality.

7 | Accordingly, the Court AFFIRMS Judge Peterson's denial (Dkt. No. 12) of Plaintiff's
8 | motion for her recusal. (Dkt. No. 10.)

9 | Dated this 10th day of February, 2025.

David G. Estudillo
United States District Judge